**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| RUDE MUSIC, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:15 CV 10396 |
| v. | ) | |
| | ) | Hon. Matthew F. Kennelly |
| HUCKABEE FOR PRESIDENT, INC. | ) | |
| Defendant. | ) | |

**DEFENDANT HUCKABEE FOR PRESIDENT, INC.'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

As and for its Answer and Affirmative Defenses to the Complaint for copyright

infringement of Plaintiff Rude Music, Inc. ("Rude Music"), Defendant Huckabee for President,

Inc., by its undersigned attorneys, states as follows:

**ANSWER**

**NATURE OF THE CASE**

1. **Allegation:** This is an action for copyright infringement, in violation of 17 U.S.C. §
501, arising from the defendant's unauthorized public performance and distribution of
Rude Music's copyrighted musical composition.

**ANSWER:** Defendant admits that this Complaint alleges a purported act of copyright

infringement in violation of 17 U.S.C. § 501. Except as expressly admitted, Defendant denies

each and every averment of paragraph 1 of the Complaint.

**JURISDICTION AND VENUE**

2. **Allegation:** This Court has subject matter jurisdiction of this claim pursuant to 28
U.S.C. §§1331 and 1338(a).

**ANSWER:** Defendant admits the averments of paragraph 2 of the Complaint.

3. **Allegation:** Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) and § 1400(a), as Defendant solicits and does business in this district, and Rude Music is being injured in this district.

**ANSWER:** Defendant admits that venue is proper in this district. Except as expressly admitted, Defendant denies each and every averment of paragraph 3 of the Complaint.

## PARTIES

4. **Allegation:** Rude Music is an Illinois corporation, with its principal place of business at 1223 North Lakeview Court, Palatine, Illinois. Rude Music is owned solely by Frank M. Sullivan III, and operates as the publisher of Sullivan's musical compositions.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 4 of the Complaint.

5. **Allegation:** Huckabee for President is a Georgia corporation, having a principal place of business at Little Rock, Arkansas. Huckabee for President is the principal committee supporting the presidential campaign of former Arkansas governor Mike Huckabee.

**ANSWER:** Defendant admits the averments of paragraph 5 of the Complaint. Defendant affirmatively states that Huckabee for President, Inc. is a not-for-profit corporation, formed in 2015.

## COUNT I – COPYRIGHT INFRINGEMENT

6. **Allegation:** The musical band SURVIVOR was formed in 1977, with Sullivan as one of its founding members.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 6 of the Complaint.

7. **Allegation:** Sullivan is a co-author of the musical composition "Eye of the Tiger," which was the principal theme song for the movie Rocky III and achieved number one status in the United States and throughout the world. The song won Grammy and People's Choice awards and was Oscar-nominated.

2

**ANSWER:**  Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment that Sullivan is a co-author of the musical composition "Eye of the Tiger."  Defendant admits, on information and belief, the remaining averments of paragraph 7 of the Complaint.

8. **Allegation:**  "Eye of the Tiger" is the subject of a valid copyright, which is co-owned by Rude Music and was duly registered in the Copyright Office on June 7, 1982 (PA 141854).

**ANSWER:**  Defendant affirmatively states that the records of the U. S. Copyright Office reflect numerous copyright registrations for "Eye of the Tiger," of which copyright registration no. PA 141854 is one.  Defendant further affirmatively states that copyright registration no. PA 141854 reflects a registration date of June 7, 1982, and lists copyright claimants as "Holy Moley Music, Rude Music, W B Music Corporation & Easy Action."    Except as affirmatively stated, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 8 of the Complaint.

9. **Allegation:**  During the campaign for the Republican presidential nomination, Huckabee for President knowingly caused a recording of "Eye of the Tiger" to be publicly performed at a campaign appearance by Mr. Huckabee. On September 8, 2015, Mr. Huckabee appeared at a Grayson, Kentucky rally supporting Kim Davis, the controversial county clerk who gained national attention after refusing to issue marriage licenses to same-sex couples; "Eye of the Tiger" was played as Mr. Huckabee escorted Ms. [sic] Davis from the Carter County Detention Center.

**ANSWER:**  Defendant denies each and every averment of the first sentence of paragraph 9 of the Complaint.  Defendant admits the averments of the first clause of the second sentence of paragraph 9 of the Complaint, except for the characterization of Kim Davis as "controversial," which is a matter of opinion that cannot be factually admitted or denied.  Defendant denies the averments of the second clause of the second sentence of paragraph 9 of the Complaint.  Except as expressly admitted, Defendant denies each and every averment of paragraph 9.

10. **Allegation:** Huckabee for President's unauthorized public performance, or inducement of or contribution to the public performance, of the copyrighted work infringes Rude Music's copyright.

**ANSWER:** Defendant denies each and every averment of paragraph 10 of the Complaint.

11. **Allegation:** Huckabee for President's infringement of "Eye of the Tiger" is willful. Mr. Huckabee is sophisticated and knowledgeable concerning the copyright laws, both as a private individual and media-savvy business owner. According to the records of the United States Copyright Office, Mr. Huckabee is the author or co-author of more than a dozen copyrighted works. Mr. Huckabee operated television stations in Arkansas, and for years he has hosted political commentary shows on the radio and on Fox News. Mr. Huckabee is himself a musician whose band, Capitol Offense, has performed at political and other public events; in 2007, Mr. Huckabee received a Music for Life Award from the National Association of Music Merchants. Moreover, Huckabee for President has a legal team.

**ANSWER:** Defendant denies each and every averment of the first sentence of paragraph 11 of the Complaint. Defendant admits that Mr. Huckabee is the author or co-author of a number of copyrighted works, that Mr. Huckabee has operated television stations in Arkansas, that Mr. Huckabee has offered political commentary on radio and television, that Mr. Huckabee has performed in a band called "Capitol Offense," and that Mr. Huckabee received a "Music for Life" Award from the National Association of Music Merchants in 2007. Defendant further affirmatively states that Huckabee for President receives limited advice including concerning FEC matters, from outside legal counsel. Except as affirmatively stated or expressly admitted, Defendant denies each and every averment of paragraph 11 of the Complaint.

12. **Allegation:** Artists' complaints of candidates' unauthorized use of their songs have become an election-year staple. According to news reports, in 2008 the founder of the band Boston demanded that Mr. Huckabee's presidential campaign stop playing the Boston hit "More Than a Feeling" at his events. On information and belief, many of Huckabee for President's senior staffers and communications and media consultants (including Sarah Huckabee Sanders, Chip Saltzman [sic], Chad Gallagher, Alice Stewart, Hogan Gidley, Bob Wickers, Bryan Sanders and Chris Maiorana) are alumni

of the 2008 campaign that encountered this very issue and therefore are knowledgable of the copyright laws.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of the first sentence of paragraph 12 of the Complaint. Defendant affirmatively states that in 2008, the current Huckabee for President Inc. did not exist. Defendant further affirmatively states that on one occasion in 2008 Mr. Huckabee accompanied onetime "Boston" guitarist Barry Goudreau, who had performed with Boston for three years, on bass guitar in performing the song "More Than a Feeling" at a public event with the full cooperation and support of Mr. Goudreau. Defendant further affirmatively states that a Mr. Tom Scholz, in a letter published online by *Rolling Stone,* claimed to have written, arranged, engineered, and produced the recording, "More Than a Feeling" and requested that Mr. Huckabee stop publicly performing the song with Mr. Goudreau to avoid potential confusion with the group "Boston." Defendant further affirmatively states that 17 U.S.C. § 114(a) specifically provides that the rights of the owner of a copyright in a sound recording do not include any exclusive right of public performance under 17 U.S.C. § 106(4). Except as expressly admitted or affirmatively stated, Defendant denies each and every averment of paragraph 12 of the Complaint.

13. **Allegation:** As a result of the defendant's willful infringement of Rude Music's copyright, Rude Music has been damaged.

**ANSWER:** Defendant denies each and every averment of paragraph 13 of the Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Huckabee for President, Inc., asks that the Court deny all relief requested in the Complaint and award judgment in favor of Defendant, together with costs and such other relief as may be just and proper.

## AFFIRMATIVE DEFENSES

As and for its Affirmative Defenses to the Complaint for alleged copyright infringement, Defendant Huckabee for President, Inc., by its undersigned attorneys, states  as follows:

1.      On September 8, 2015, along with other politicians and members of the public, former Arkansas governor Mike Huckabee appeared at a Grayson, Kentucky, religious assembly organized as the "We Stand With God Pro Family Rally" in support of Kim Davis and her Christian beliefs.  Mrs. Davis is and was at the time a Rowan County, Kentucky, clerk who asserted that her sincere religious beliefs precluded her from signing, or permitting other to use, her name in issuing marriage licenses to same-sex couples and was at the time incarcerated in the Carter County, Kentucky, Detention Center.  The assembly had been scheduled before it was known that Mrs. Davis, who had been jailed for declining to allow her name to be used on marriage licenses issued to same-sex couples, would be released from detention that day.

2.      Mr. Huckabee is an evangelical Christian and a Southern Baptist minister.  Mr. Huckabee attended the September 8, 2015, assembly in support of Mrs. Davis as an expression of his sincerely-held Christian religious beliefs, protected by the First Amendment to the United States Constitution.

3.      The assembly in support of Mrs. Davis was not organized, advertised, or promoted as a Huckabee for President campaign event.  No Huckabee for President campaign signs were present at the assembly or visible in news reports of the assembly.  Mr. Huckabee appeared at the assembly without as much as a campaign button.  Mr. Huckabee spoke instead of God, religion, Mrs. Davis, the role of the courts, and the U. S. Constitution.  Moreover, Mr. Huckabee explicitly proclaimed that his message was non-partisan and was not in support or criticism of any major political party.

4.      As documented in news video of the assembly, the most prominent artifacts present and visible at the September 8, 2015, assembly in support of Mrs. Davis were numerous Christian crosses or crucifixes and occasional Bibles held by members of the public in attendance.  Other than signs announcing "WE STAND WITH GOD Pro Family Rally," the most visible signs or placards held by attendees bore such religious messages as "Freedom of Religion," "Enough is Enough," "Rosa Parks of Religious Freedom," and "God's law will prevail."  One or more signs also criticized the United States Supreme Court's decision in *Obergefell v. Hodge*.

5.      During the assembly in support of Mrs. Davis, a few bars of "Eye of the Tiger" lasting approximately a minute, more or less, played in the background as Mrs. Davis took the stage alongside her husband Joe, her attorney Mat Staver, and Mr. Huckabee.  Mrs. Davis visibly and audibly wept, expressed her love for those present in her support and, in her words, gave "God the glory" for her release.  Mr. Huckabee then called for the assembled group to recognize Joe Davis and concluded the assembly with these words:

> Ladies and gentlemen; your prayers have been answered.  Kim will tonight go home.  She will be with her family.  She will sleep in her own bed. …  My question as we leave here today:  Will you be ready to take the stand, even at expense to yourself, to stand firm for your convictions, for the Constitution, and for your faith and will not waiver nor fall?  God bless you.  Thank you for being here today!  May the Lord be with you and give you His strength.  God bless you!

6.      In keeping with their Constitutional purpose of promoting "the progress of science" (knowledge), U.S. Const. Art. I, Sec. 8, cl. 8, and respectful of the First Amendment, Plaintiff's otherwise exclusive rights to the public performance in the claimed copyright are limited in one or more of the following respects.

## FIRST AFFIRMATIVE DEFENSE – FAIR USE

7.      Defendant incorporates paragraphs 1 through 6, inclusive, above, as paragraph 7 of this First Affirmative Defense.

8.      Notwithstanding the exclusive rights in copyrighted works otherwise granted by 17 U.S.C. § 106 and the rights of certain authors to attribution and integrity granted by 17 U.S.C. § 106A, 17 U.S.C. § 107 permits the "fair use" of a copyrighted work, based on the consideration of a number of factors including but not limited to:

> **(1)** the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;

> **(2)** the nature of the copyrighted work;

> **(3)** the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and

> **(4)** the effect of the use upon the potential market for or value of the copyrighted work.

9.      The playing of a portion of "Eye of the Tiger" in connection with the assembly described above constitutes "fair use" under 17 U.S.C. § 107 because, *inter alia*, (1) the purpose and character of the use was of a non-commercial and religious nature, signifying joy and praise at the release of Mrs. Davis from confinement; (2) the nature of the copyrighted work as a song subjects it to some of the most severe limits of the rights of the copyright holder available under U. S. Copyright law, including depriving the copyright holder of the right of public performance under 17 U.S.C. § 106(4) and the right to display the copyrighted work publicly under 17 U.S.C. § 106(5); (3) the amount and substantiality of the portion of the song used was minimal in relation to the length of the copyrighted work as a whole and was no more than necessary for the limited purpose for which it was used; and (4) the effect of the use upon the potential market for

or value of the copyrighted work was, if anything, positive, because its limited public performance has helped to keep the song, now a third of a century old, in the public eye.

## SECOND AFFIRMATIVE DEFENSE – DE MINIMIS

10. Defendant incorporates paragraphs 1 through 5, inclusive, above, as paragraph 10 of this Second Affirmative Defense.

11. The allegedly infringing use of "Eye of the Tiger" was de minimis, in that only a small portion of the song was played, it was played only once and in the background, the fraction of the song played was only a portion of the music played at the assembly, and the duration of the fraction of the song played was de minimis in comparison to the duration of the assembly.

## THIRD AFFIRMATIVE DEFENSE – RELIGIOUS ASSEMBLY

12. Defendant incorporates paragraphs 1 through 6, inclusive, above, as paragraph 12 of this Third Affirmative Defense as if set forth verbatim.

13. Notwithstanding the provisions of 17 U.S.C. § 106, 17 U.S.C. § 110 (3) provides in part that the performance of a nondramatic literary or musical work in the course of services at a place of worship "or other religious assembly" is not an infringement of copyright.

14. Although not explicitly defined in the Copyright Act of 1976, the term "nondramatic musical works" refers to musical works, such as popular songs, not incorporated and performed in an opera or theater musical. Based on the averments of paragraph 7 of the Complaint, "Eye of the Tiger" is a popular song and a "nondramatic musical work" within the meaning of 17 U.S.C. § 110 (3).

15. The September 8, 2015, assembly for Mrs. Davis was, in view of all the surrounding circumstances, a "religious assembly" within the meaning of 17 U.S.C. § 110 (3) and the First Amendment to the Constitution of the United States.

16.     Pursuant to 17 U.S.C. § 110 (3), the asserted infringing use is therefore not an infringement.

## FOURTH AFFIRMATIVE DEFENSE – NO COMMERCIAL ADVANTAGE

17.     Defendant incorporates paragraphs 1 through 6, inclusive, above, as paragraph 17 of this Fourth Affirmative Defense as if set forth verbatim.

18.     Notwithstanding the provisions of 17 U.S.C. § 106, 17 U.S.C. § 110 (4) (A) provides in part that the performance of a nondramatic literary or musical work otherwise than in a transmission to the public, without any purpose of direct or indirect commercial advantage and without payment of any fee or other compensation "for the performance" to any of its performers, promoters, or organizers, is not an infringement if there is no direct or indirect admission charge.

19.     The September 8, 2015, assembly for Mrs. Davis was without any purpose of direct or indirect commercial advantage; the payment of any fee or other compensation to any of the performers, promoters, or organizers of the event was wholly independent of any performance of a limited portion of "Eye of the Tiger"; and there was no direct or indirect admission charge to attend the assembly.

20.     Pursuant to 17 U.S.C. § 110 (4) (A), the asserted infringing use is therefore not an infringement.

## JURY DEMAND

Defendant hereby demands trial by jury of all causes and defenses so triable.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Huckabee for President, Inc., asks that the Court deny all

relief requested in the Complaint and award judgment in favor of Defendant, together with costs

and such other relief as may be just and proper.

Dated: January 4, 2016                    Respectfully submitted,


                                          /s/ David L. Applegate
                                          An Attorney for Huckabee for President, Inc.

David L. Applegate (#3122573)
dla@willmont.com
Williams Montgomery & John Ltd.
Suite 6100 Willis Tower
233 South Wacker Drive
Chicago, IL 60606
(312) 855-4851

Mark R. Sargis (# 6193673)
msargis@bellandesargis.com
Bellande & Sargis
Law Group, LLP
129 West Wesley Street
Wheaton, IL 60187-5118
(312) 853-8713
Counsel for Huckabee for President, Inc.

## CERTIFICATE OF SERVICE

David L. Applegate, an attorney for Defendant, hereby certifies that he served a copy of the foregoing
Answer and Affirmative Defenses on all counsel who have appeared to date via the Court's ECF system on Monday,
January 4, 2016, as follows:

                        Annette M. McGarry (#6205751)
                        amm@mcgarryllc.com
                        Marianne C. Holzhall (#6204057)
                        mch@mcgarryllc.com
                        McGarry & McGarry, LLC
                        120 North LaSalle Street, Suite 1100
                        Chicago, IL 60602
                        (312) 345-4600
                        Attorneys for Rude Music, Inc.


                        /s/ David L. Applegate